IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **INSURANCE COMPANY OF THE WEST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0575-WS-N |
| ) | |
| **OLLINGER CONSTRUCTION, INC.,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on the parties' Joint Motion to Stay Action (doc. 5).

As grounds for their Motion, the parties indicate that there is potential in the next 60 days for a mediated settlement in the related state-court proceedings, and that successful mediation in the state-court action would resolve this matter as well. On that basis, the parties jointly request a stay "in order to foster a favorable environment within which to encourage such a coordinated resolution of the said respective state and federal court actions." (Doc. 5, at 2.)

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).[1] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*,

---

[1] *See also Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) ("A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court."); *Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay proceedings to save time and effort for parties and court).

299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp.2d 1, 3 (D.D.C. 2007) (citations omitted). In exercising this discretion, district courts have considered such factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).[2]

Under the circumstances presented here, the Court agrees that a stay is warranted. This action is at an early stage, such that a stay would not disrupt existing pretrial schedules. No party will be prejudiced; indeed, both sides have specifically requested entry of a stay. There is no reason to believe that this request is a delay tactic, is imposed for an improper purpose, or is the product of anything other than good faith. And entry of a temporary stay at this time would serve the virtues of efficiency and judicial economy by sparing defendants the time and expense of preparing responsive pleadings, meeting and filing a Rule 26(f) report, and otherwise moving forward with litigation that may be obviated, depending on the results of mediation in state court. In short, there appear to be considerable benefits to entering a temporary stay at this time to enable the parties to focus their efforts on reaching an amicable resolution without being distracted by the press of litigation as this action spins up to "full speed ahead" status. The Eleventh Circuit has deemed stays for such purposes to be appropriate and proper. *See, e.g., Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate").

For all of the foregoing reasons, the Joint Motion to Stay Action (doc. 5) is **granted**. It is **ordered** as follows:

---

[2] *See also Teleconference Systems v. Proctor & Gamble Pharmaceuticals, Inc.*, 676 F. Supp.2d 321, 326 (D. Del. 2009); *Ortega v. J.B. Hunt Transport, Inc.*, 258 F.R.D. 361 (C.D. Cal. 2009); *Tomco Equipment Co. v. Southeastern Agri-Systems, Inc.*, 542 F. Supp.2d 1303, 1307 (N.D. Ga. 2008).

1. This action is **stayed** in its entirety through **January 4, 2012**, at which time the stay will expire by its terms; and
2. The parties must file a joint status report concerning the settlement negotiations by no later than **January 4, 2012**, and identifying any requested court action to facilitate or memorialize those efforts.

DONE and ORDERED this 7th day of November, 2011.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE